## UNITED STATES DISTRICT COURT
### WESTERN DISTRICT OF KENTUCKY
### PADUCAH DIVISION

**PRISCILLA LUCINDA ROBERTS**                                           **PLAINTIFF**

**v.**                                        **CIVIL ACTION NO.  5:25-CV-P131-JHM**

**RIVER COUNTY DRUG AND VIOLENCE TASK FORCE**                  **DEFENDANT**

### <u>MEMORANDUM OPINION</u>

This is a *pro se* 42 U.S.C. § 1983 prisoner civil-rights action.  This matter is before the Court for screening pursuant to 28 U.S.C. § 1915A.  For the reasons set forth below, the Court will dismiss this action.

### I.

Plaintiff Priscilla Lucinda Roberts is incarcerated as a convicted prisoner at the Ballard County Jail.  She sues the River County Drug and Violence Task Force.  Plaintiff claims that the River County Drug and Violence Task Force violated her constitutional rights when it executed a search warrant at the Ballard County Jail.  Plaintiff specifically states as follows:

> On 4-15-25 we was sitting in church, when some guys busted in the door yelling church is over.  They were all holding guns and had guns on their hips.  They made the church ladies leave and told us to stay seated.  At that time I feared for my life, I didn't know what was going on at that time.  They went to a cell next to the room we was having church, and we watched them walk a young male out, hands on his head with a gun pointed to his head.  Again when they did this I was in fear for my life.  They came and made us go outside to the rec yard with our hands on our heads, guns pointed at us.  Then they finally informed us about the search warrant.  It was a very traumatizing event.  Ever since that night I have had nightmares and trouble even going to sleep.  My anxiety has been worse than ever.

> I feel like all my inmate and constitutional rights were violated when the River County Drug + Violence Task Force entered the Ballard County Detention Center . . . which is a very secure facility and pointed very real and very functioning AR15's and Glock 9 mm's at our heads when we were unarmed and not under any kind of distress.

The Court construes the complaint as asserting an Eighth Amendment excessive-force claim against the River County Drug and Violence Task Force.

## II.

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the complaint, or any portion of it, if the court determines that the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

To survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 557).

2

This Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), "[o]ur duty to be 'less stringent' with *pro se* complaints does not require us to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted).  And a court is not required to create a claim for a plaintiff.  *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975).  To command otherwise would require a court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III.

"Section 1983 creates no substantive rights, but merely provides remedies for deprivations of rights established elsewhere." *Flint ex rel. Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001).  Two elements are required to state a claim under § 1983. *Gomez v. Toledo*, 446 U.S. 635 (1980).  "[A] plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).  "Absent either element, a section 1983 claim will not lie." *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

The Sixth Circuit has held that a multi-county task force is not an entity subject to suit. *Mayers v. Williams*, No. 16-5409, 2017 U.S. App. LEXIS 22053, at *8 (6th Cir. Apr. 21, 2017).  Rather, "the proper defendants are . . . the jurisdictions that have joined together to form the [task force]." *Id.; see also Lopez v. Foerster*, No. 20-2258, 2022 U.S. App. LEXIS 8591 (6th Cir. Mar. 29, 2022).  This means that, here, the respective counties that have joined together

to form the River County Drug and Violence Task Force, and not the Task Force itself, are the proper defendants.

However, even if Plaintiff had sued the respective counties that make up the River County Drug and Violence Task Force, the complaint would still fail to state a claim upon which relief may be granted. This is because neither a municipality nor a county can be held responsible for a constitutional deprivation unless there is a direct causal link between a municipal or county policy or custom and the alleged constitutional deprivation. *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978); *see also Deaton v. Montgomery Cnty., Ohio*, 989 F.2d 885, 889 (6th Cir. 1993). The policy or custom "must be 'the moving force of the constitutional violation' in order to establish the liability of a government body under § 1983." *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994) (quoting *Polk Cnty. v. Dodson*, 454 U.S. 312, 326 (1981) (citation omitted)). Here, Plaintiff's allegations do not show that she suffered any constitutional injury due to a policy or custom of one of the counties which is part of the River County Drug and Violence Task Force. Thus, the Court will dismiss the complaint for failure to state a claim upon which relief may be granted.

Finally, the Court observes that even if it allowed Plaintiff to amend the complaint to bring an excessive-force claim against any of the individual law enforcement officers of the Task Force who participated in the search of the Ballard County Jail on the day in question, the Court would dismiss that claim under the Eighth Amendment. The Eighth Amendment provides: "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." U.S. Const. amend. VIII. The ban on cruel and unusual punishments prohibits the "'unnecessary and wanton infliction of pain'" on prisoners. *See Hudson v. McMillian*, 503 U.S.

1, 6 (1992) (quoting *Whitley v. Albers*, 475 U.S. 312, 319 (1986)).  The Sixth Circuit recently

analyzed the Eighth Amendment excessive-force standard as follows:

> What qualifies as the "unnecessary and wanton infliction of pain"?  This
> requirement has objective and subjective components, both of which follow from
> the Eighth Amendment's text.  *See Phillips v. Tangilag*, 14 F.4th 524, 535 (6th Cir.
> 2021); *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011).  Objectively, harm to
> a prisoner must rise to a sufficiently serious level because the Eighth Amendment
> prohibits only "cruel and unusual" deprivations, not just uncomfortable or "even
> harsh" ones.  *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981); *see Phillips*, 14 F.4th
> at 534.  Subjectively, harm to a prisoner must result from a prison official's
> sufficiently volitional actions because the Eighth Amendment bars only willful
> conduct that "inflict[s]" "punishment," not accidental conduct that causes injury.
> *See Phillips*, 14 F.4th at 535 (citing *Wilson v. Seiter*, 501 U.S. 294, 300 (1991)).
>
> . . . .
>
> As a subjective matter, the Court has held that prisoners who challenge [an]
> officer's use of force must prove more than that the officer acted with 'deliberate
> indifference' to whether the force was necessary (the type of intent that prisoners
> must prove to challenge their conditions of confinement or medical care).
> *See [Hudson]* at 5-6; *cf. Wilson*, 501 U.S. at 302-03. The Court has instead
> described the "core judicial inquiry" in the use-of-force context as distinguishing
> between force used in a "good-faith effort to maintain or restore discipline" and
> force used "maliciously and sadistically to cause harm."  *Wilkins v. Gaddy*, 559
> U.S. 34, 37, (2010) (per curiam) (quoting *Hudson*, 503 U.S. at 7).  Only the latter
> kind of force—force exerted maliciously and sadistically to inflict pain—violates
> the Eighth Amendment.  *See Hudson*, 503 U.S. at 5-7.  So even if an officer uses
> force because of an "unreasonable" belief that it is necessary to restrain a prisoner,
> the officer does not violate the Eighth Amendment.  *Whitley*, 475 U.S. at 324.

*Johnson v. Sootsman*, 79 F.4th 608, 615-16 (6th Cir. 2023).  The *Sootsman* court further

explained:

> To decide whether a jury could find that an officer acted with this malicious intent,
> the Supreme Court has identified several factors to consider: What was the extent
> of the prisoner's injury?  What was the nature of the threat that justified the use of
> force?  Was the amount of force proportional to the threat?  And did the officer take
> any actions designed to reduce the required amount of force? *Hudson*, 503 U.S.
> at 7; *Whitley*, 475 U.S. at 321.  More generally, we have added that, while judges
> may review an encounter by slowing down, pausing, and replaying a video, officers
> have no such luxury.  They must make quick decisions in the heat of the moment.

> So we defer to their decisions and avoid "unreasonable post hoc judicial second-guessing" of their conduct. *Lockett v. Suardini*, 526 F.3d 866, 875 (6th Cir. 2008) (citation omitted); *see also Griffin [v. Hardrick]*, 604 F.3d [949], 954 [6th Cir. 2010].

*Sootsman*, 79 F.4th at 618.

Here, Plaintiff alleges that the Task Force was executing a search warrant at the jail where she was incarcerated. Even if Plaintiff's allegations satisfied the objective component set forth above, the Court finds that they do not satisfy the second. Plaintiff was not physically injured, and her allegations do not show that the amount of force used was not necessary to secure the jail to safely execute a search warrant there, especially where it is evident that many of the inmates were walking around the jail freely (including Plaintiff who states that she was in a church service in the jail when the incident began). In sum, while Plaintiff may have understandably been very afraid during the incident, there is no indication that that any Task Force officer used force "maliciously and sadistically" to inflict pain upon Plaintiff in violation of the Eighth Amendment.

**IV.**

For the foregoing reasons, the Court will enter a separate Order dismissing this action for failure to state a claim upon which relief may be granted.

Date: November 7, 2025

Joseph H. McKinley Jr., Senior Judge
United States District Court

cc:    Plaintiff, *pro se*
4414.011